IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK RANARD BRADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2358-JDT-tmp |
| | ) | |
| DERRICK SCHOFIELD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER CERTIFYING THE APPEAL IS NOT TAKEN IN GOOD FAITH
AND DIRECTING PLAINTIFF TO FILE A TRUST ACCOUNT
STATEMENT OR PAY THE FULL $505 APPELLATE FILING FEE

Plaintiff Derrick Ranard Braden, a prisoner acting *pro se*, filed a civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 17, 2016, the Court dismissed the complaint without prejudice for failure to either pay the filing fee or submit sufficient financial documentation to support an application to proceed *in forma pauperis* (ECF No. 10); judgment was entered on August 18, 2016 (ECF No. 11). On November 7, 2016, Plaintiff filed a notice of appeal (ECF No. 12) and a motion for leave to appeal *in forma pauperis* (ECF No. 13).

As it appears to the Court that the appeal is both untimely and frivolous, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that it is not taken in good faith.

Generally, a plaintiff granted leave to proceed *in forma pauperis* is not required to pay filing fees. 28 U.S.C. § 1915(a)(1). Because Plaintiff is a prisoner, however, he must pay the entire $505 appellate filing fee, although he may be able to pay the fee in installments pursuant to 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In order to take advantage of the installment procedures, a prisoner plaintiff must submit, along with the notice of appeal, an *in forma pauperis* affidavit and inmate trust account statement. *Id.* at 610; 28 U.S.C. § 1915(a)(2).

In this case, although Plaintiff submitted an *in forma pauperis* affidavit, he has not submitted a copy of his trust account statement for the six months immediately preceding the notice of appeal.[1] Therefore, at the present time, he is not eligible to take advantage of the installment procedures of § 1915(b). Plaintiff is, however, liable to the Court for the full $505 appellate filing fee, which accrued at the moment the notice of appeal was filed. Accordingly, Plaintiff is hereby ORDERED to submit either the full $505 appellate filing fee or a copy of his trust account statement for the last six months within thirty days after the date of this order.[2] If Plaintiff needs additional time to file his trust account statement, he may request one thirty-day extension of time from this Court.

---

[1] Attached to the notice of appeal are several exhibits, including one page of Plaintiff's trust account statement showing transactions in June and July 2016. (ECF No. 12-1 at PageID 124.) This document is not sufficient compliance with the requirement that Plaintiff submit a copy of his trust account statement for the six-month period immediately preceding the filing of the notice of appeal. *See* § 1915(a)(2).

[2] Plaintiff does not need to file another *in forma pauperis* affidavit.

If Plaintiff fails to file the trust account statement in a timely manner, the Court will deny leave to appeal *in forma pauperis* and assess the entire $505 filing fee from his trust account without regard to the installment procedures, and the Sixth Circuit may dismiss the appeal for failure to prosecute. However, if Plaintiff timely submits the trust account statement and the Court finds that he is indigent, then the Court will grant leave to appeal *in forma pauperis* and assess the filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b).

The Clerk is directed to notify the Sixth Circuit of the entry of this order.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE